FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD
JUL 17 2015
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:
DEPUTY

Angelina Borgo – In Pro Per
927 E Winnie Way
Arcadia, CA 91006
(626) 446-9741

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Angelina Borgo<br>Plaintiff,<br>vs.<br>Wynn Resorts Limited; John Chow; Robert Hair,<br>Defendant(s). | CASE NO:<br>**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §12182**<br>**DEMAND FOR JURY TRIAL**<br>Original<br>**2:15-cv-01361-RFB-VCF** |

## Jurisdiction

1. This court has jurisdiction to hear this case pursuant to 28 U.S.C. §1343(a)(4). This court also has jurisdiction pursuant to 28 U.S.C. §1331 as this action arises under 42 USC §12182. In addition, this court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a).

**Parties**

2. Plaintiff, Angelina Borgo (hereinafter Plaintiff), is a resident of the State of California and was a frequent customer, visitor, and patron of Wynn Las Vegas in Paradise, Nevada. Plaintiff is 74 years old and suffers from severe arthritis in both knees. Plaintiff's ability to walk is severely limited, thus qualifying as having a disability under the Americans With Disabilities Act.

3. Defendant Wynn Resorts Limited (hereinafter Wynn Resorts) is a corporation incorporated in the State of Nevada with its principal place of business located in Paradise, Nevada. Wynn Resorts owns and operates Wynn Las Vegas, which is a resort and casino in Paradise Nevada. Wynn Resorts is a Commercial Facility and Place of Public Accommodation under Title III of the Americans With Disabilities Act.

4. Defendant John Chow (hereinafter John Chow) is a resident of the State of Nevada and is currently an employee of Wynn Resorts. John Chow is the evening manager of the poker room at Wynn Las Vegas.

5. Defendant Robert Hair (hereinafter Robert Hair) is an employee of Wynn Resorts. Robert Hair is a security supervisor at Wynn Las Vegas.

**Facts Common To All Claims**

6. At all times mentioned herein, defendant, Wynn Resorts, employed the

individual defendants mentioned in this complaint, making Wynn Resorts responsible for violations committed by the individual defendants through the theory of vicarious liability.

7. Plaintiff filed a claim with Wynn Resorts and such claim was subsequently denied by the claims department at Wynn Resorts.

8. On July 8, 2015, the following tragic and disturbing events took place that will have a long lasting emotional effect on Plaintiff.

9. Plaintiff is a frequent customer of Wynn Las Vegas, enjoying the services of the casino, playing the slot machines, and, at times, accompanying her son in the poker room who is a quadriplegic, confined to a wheelchair, and on life support. Plaintiff's son requires 24 hour care, and when Plaintiff accompanies her son to the poker room, she must remain with him as a medical necessity. Plaintiff also assists her son to play poker by lifting and showing him the playing cards and moving the chips.

10. At the time in question, Plaintiff was sitting behind her son, at an empty table when Plaintiff placed her leg up on another chair to stretch her knee and relieve the pain caused by severe arthritis.

11. Defendant John Chow, the poker room manager, approached Plaintiff at about 3:00 am and asked her to remove her foot from the chair.

12. Plaintiff responded by stating "of all the years that I have been coming here, you are the only person who has ever asked me to take my leg down." Even though, she was in severe pain, Plaintiff proceeded to take her leg down.

13. Approximately three hours later, Defendant John Chow was having a verbal disagreement with Plaintiff's son when he once again approached Plaintiff and said "and you put your foot on my chair!" While doing this, John Chow intentionally, willfully, and vindictively pushed his finger into Plaintiff's chest, harmfully and offensively touching Plaintiff.

14. John Chow then continued to yell at Plaintiff and stated "if I came to your house and put my foot on your chair, would you allow it?" Plaintiff responded by saying that if he had arthritis like she did, she would allow it. Defendant John Chow said "I am going to ask you to leave."

15. Defendant John Chow then called security to have Plaintiff removed from the property because Plaintiff had her foot on a chair three hours earlier, which was medically necessary due to her disability.

16. Two security officers arrived and asked Plaintiff to leave. Plaintiff refused, believing that she was being removed because of her disability, i.e., not being able to keep her foot on a chair.

17. Defendant Robert Hair arrived who was the security supervisor. Robert Hair

told Plaintiff that she had to leave. Plaintiff refused, telling Robert Hair that she could not be removed because of a disability. Obviously, not understanding federal civil rights law or the Americans With Disabilities Act, Robert Hair responded to Plaintiff by stating that Wynn Las Vegas was private property and therefore anybody can be denied service and removed from the property for "any reason."

19. Plaintiff then explained to defendant Robert Hair that she was being told to leave because she had arthritis and put her foot on a chair. Becoming enraged and acting in a willful manner, Robert Hair responded again by saying that anybody can be denied service for any reason.

20. Plaintiff then explained to Robert Hair that she could not leave her son who was in a wheelchair and on life support. Robert Hair said "take him with you."..."go play somewhere else"...."get out!"

21. At this point, Robert Hair called the metro police to have all three individuals arrested, which included Plaintiff, Mario Borgo Plaintiff's husband, and Stephen Borgo Plaintiff's son who is a quadriplegic, confined to a wheelchair, and on life support.

22. Plaintiff was told that she could never return to the property.

23. While waiting for the police, 74 year old Plaintiff began to shake uncontrollably and experienced an increase in blood pressure. Plaintiff asked and

was given a glass of water so that she could take blood pressure medication. Plaintiff asked Robert Hair for a chair to sit and Robert Hair refused. Plaintiff continued to experience severe emotional distress and pain while being forced to stand while waiting for the police to arrive.

24. After approximately one hour, two metro police officers arrived and Plaintiff explained what occurred. The officers refused to arrest any of the individuals, including Plaintiff. Plaintiff is still being denied access to any Wynn Resort property indefinitely.

**First Claim, Against All Defendants**
**42 U.S.C. §12182**
**Violation of Rights Under**
**The Americans With Disabilities Act**

25. For purposes of proving this claim, Plaintiff re-alleges and incorporates by reference paragraphs 1 through 24.

26. Defendants John Chow and Robert Hair knew about Plaintiff's disability, yet they both decided to remove Plaintiff from the premises.

27. By being removed from the property and not being allowed the reasonable accommodation of being able to keep her foot on a chair, Defendants violated Plaintiff's rights under the ADA by being discriminated against on the basis of a disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation by any

person who owns or operates a place of public accommodation.

**Second Claim, Against John Chow**
**Battery**

28. For purposes of proving this claim, Plaintiff re-alleges and incorporates by reference paragraphs 1 through 27.

29. Defendant John Chow pointed and pushed his finger, inappropriately, harmfully, and offensively touching Plaintiff, which constitutes a battery on Plaintiff.

**Third Claim, Against John Chow**
**Assault**

30. For the purpose of proving this cause of action, Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 29.

31. Defendant John Chow approached Plaintiff while she was sitting, towering over her, yelling in her face, pointed and harmfully touched Plaintiff, and ordered her to get out, placing Plaintiff in fear for her safety, which constitutes an assault.

**Fourth Claim, Against Defendants John Chow and Robert Hair,**
**Intentional Infliction of Emotional Distress**

32. For purposes of proving this claim, Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31.

33. The actions taken by Defendants John Chow and Robert Hair constitute conduct with the reckless disregard for causing Plaintiff emotional distress.

34. Plaintiff began shaking uncontrollably and became ill, suffered and continues to experience emotional distress.

35. Defendants actions toward Plaintiff were the actual and proximate cause of Plaintiff's emotional distress.

**Fifth Claim,**
**Against Defendants John Chow And Robert Hair, Directly,**
**And Against Wynn Resorts Limited By Vicarious Liability,**
**Negligence**

36. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 to set forth and prove this claim.

37. Plaintiffs John Chow and Robert Hair have a duty of care to treat customers of Wynn Las Vegas in a fair, reasonable, and humane manner.

38. Instead, Defendants negligent actions breached that duty of care.

39. The actions taken by the individual defendants were the proximate and actual cause of Plaintiff's injuries.

40. Plaintiff suffered extreme emotional distress, physical and medical sickness, was in fear for her safety, and public embarrassment.

41. As a result, plaintiff seeks redress for her injuries for violations under Title III of the Americans With Disabilities Act as well as state law claims pleaded to herein by demanding that a jury be impaneled for the trial of this matter.

**Demand**

42. Wherefore plaintiff demands judgment against defendants in the manner as follows for first claim under the Americans With Disabilities Act:

1. A Permanent Injunction requiring Wynn Resorts Limited to allow Plaintiff access to any Wynn Resorts property without being arrested or removed based on a disability or for failure to accommodate such disability;
2. Attorneys' Fees, including litigation expenses and costs, pursuant to 42 U.S.C. §12205; and
3. Such other and further relief as the Court deems just and proper.

43. For all state law claims against all defendants in the manner as follows:

1. Special damages for medical costs and loss of past and future earnings against all defendants in an amount to be determined according to proof at trial;
2. General damages for pain and suffering, emotional distress, and humiliation, against all defendants of not less than $100,000.00 (One Hundred Thousand Dollars), but an amount to be determined according to proof at trial;
3. Punitive damages against each individual defendant of not less than $1,500.000.00 (One Million Five Hundred Thousand Dollars), but an

exact amount to be determined according to proof at trial;

4. Costs of suit occurred herein;
5. Such other and further relief as the Court deems just and proper.

DATED: July 13, 2015

By: Angie Borgo

Angelina Borgo
927 E Winnie Way
Arcadia, CA 91006



F
U.S. POSTAGE
$2.74
FCM LG ENV
91006
Date of sale
07/14/15
06 2S00
08312524
A238507 15054835
SSK
USPS® FIRST-CLASS MAIL®
0 lb. 8.80 oz.
SHIP TO:
LAS VEGAS NV 89101
ZIP
(420) 89101

Clerk, U.S. District Court
333 Las Vegas Blvd. South
Room 1334
Las Vegas, NV 89101

s. Ang
7 E Winn
adia, CA